**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JANELLE GUNNING**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITIBANK, N.A. and COUCH LAMBERT, LLC,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **NO. 3:25-cv-01040**<br><br>**JUDGE CAMPBELL**<br>**MAGISTRATE JUDGE FRENSLEY** |

**ORDER**

In this action, Plaintiff Janelle Gunning, who is proceeding pro se, asserts claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") against Defendants Citibank, N.A. ("Citibank"), a bank that allegedly issued Gunning a credit card, and Couch Lambert, LLC ("Couch Lambert"), a debt collector that was retained by Citibank to recover Gunning's past due credit card balance. (Doc. No. 1; Doc. No. 21 at 2; Doc. No. 14 at 5). This matter was referred to the Magistrate Judge pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 7).

Before the Court are Couch Lambert's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 13); and Citibank's motion to compel arbitration (Doc. No. 21). The Magistrate Judge issued a Report and Recommendation as to each of these motions. (Doc. Nos. 24, 28). The Magistrate Judge recommended the motions be granted. Gunning filed objections. (Doc. Nos. 25, 29). Citibank and Couch Lambert responded to the objections (Doc. Nos. 26, 30); and Gunning replied to Citibank's response. (Doc. Nos. 30).

For the reasons stated herein, the Reports and Recommendations are adopted and approved.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

### A. Couch Lambert's Motion to Dismiss

The Magistrate Judge found that Gunning's FDCPA claims asserted in Counts I, II, III are time-barred under the one-year statute of limitations provided by 15 U.S.C. § 1692k(d).

Specifically, the Magistrate Judge found that Gunning's claim related to validation of debt under 15 U.S.C. § 1692(a) & (b) accrued no later than July 23, 2024, when Plaintiff acknowledged receipt of information from Couch Lambert and asserted that the information was insufficient to verify the alleged debt, or July 24, 2024, when Couch Lambert informed Gunning that it considered the information it provided to her to be a complete verification. The Magistrate Judge concluded that this action, which was filed on September 11, 2025, falls outside the one-year limitations period and recommended dismissal of Count I with prejudice.

The Magistrate Judge reached the same conclusion with regard to Gunning's claims alleging false attestation practices, and deceptive means to attempt collection (Counts II and III). The Magistrate Judge found that these claims were based on the affidavit of Ms. Kimberly Talbott,

dated February 22, 2022, and served on June 4, 2024, in a collections action against Gunning in Davidson County, Tennessee, General Session Court (*Citibank, N.A. v. Janelle A. Gunning*, Case No. 24GC4496). The Magistrate Judge concluded that the claims arising out of the state court action and affidavit accrued on June 4, 2024, when the affidavit was served and Gunning knew, or should have known, about the potential violations arising out of the affidavit. Therefore, the claims based on the affidavit in the present case, filed on September 11, 2025, are time-barred. The Magistrate Judge, therefore, recommended that Counts II and III also be dismissed with prejudice.

The Magistrate Judge found that Gunning's claims asserted in Counts IV, V, and VI – that Defendants used unfair and unconscionable means to attempt collection, and engaged in systemic false attestation practices and harassment under 15 U.S.C. §§ 1692d, 1692e(10), 1692f – did not provide enough information to state a plausible claim for relief and recommended these claim be dismissed without prejudice.

Gunning timely filed Objections to the Magistrate Judge's Report and Recommendation. (Doc. No. 29). Her primary objections concern the Magistrate Judge's recommended dismissal of claims as barred by the statute of limitations. She argues that the affirmative defense of statute of limitations is better suited for summary judgment, not the pleading stage; the limitation period did not begin to run until she had researched FDCPA requirements and learned that the Defendants' validation was inadequate; the Magistrate Judge incorrectly used the June 4, 2024 affidavit date to find the July 24, 2024, validation claim untimely; and the Magistrate Judge incorrectly recommended dismissal of otherwise plausible claims based on the statute of limitations.

Gunning's assertion that her validation claims did not accrue until after she learned that the validation was legally insufficient, is without merit. The Magistrate Judge correctly stated that the statute of limitation begins to run on "the date on which the violation occurs." (Doc. No. 28 at 4

(citing *Bouye v. Bruce*, 61 F.4th 485, 491 (6th Cir. 2023)); *see also*, *Rotkiske v. Klemm*, 140 S. Ct. 355 (2019) ("The FDCPA limitations period begins to run on the date the alleged FDCPA violation actually happened."). Moreover, dismissal based on the affirmative defense of statute of limitations is appropriate when, as here, it is apparent from the pleadings that the claim is time-barred. *See Snyder-Hill v. Ohio State Univ*., 48 F.4th 686, 698 (6th Cir. 2022).

Accordingly, Gunning's objections to the Magistrate Judge's recommendation to dismiss claims as barred by the statute of limitations are **OVERRULED**.

Gunning also objects that the Magistrate Judge failed to apply a liberal construction to her pro se pleadings and argues that had the pleadings been liberally construed the allegations in the 25-page complaint, when read with more than 200 pages of exhibits, are more than sufficient to survive a motion to dismiss. The general objection that the Magistrate Judge has not liberally construed the pleadings is insufficiently specific to raise an issue for de novo review. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (general or conclusory objections are insufficient). Accordingly, this objection is **OVERRULED**.

Gunning's objections also include her assertion that the Complaint plausibly alleges that affidavit contains false representations, plausibly alleges robo-signing of the affidavit, and plausibly alleges that "Citibank has securitized its credit card receivables and transferred ownership of this debt to third parties, including securitization trusts." As an initial matter, these objections do not address any specific factual or legal error of the Magistrate Judge. Given the determination that claims arising out of the affidavit are time-barred, the Magistrate Judge did not consider whether allegations of "robo-signing" are otherwise sufficient to state a claim. This was not in error. With regard to the remaining allegations, Gunning does not explain how the Magistrate Judge should have considered the allegation that Citibank "securitized its credit card

receivables and transferred ownership of this debt to third parties," or even what claim the allegation relates to. She merely states that "dismissal forecloses discovery on this critical threshold issue." Accordingly, the Court cannot conduct a de novo review of any specific part of the Magistrate Judge's recommendation based on this objection and it is **OVERRULED**.

Finally, Gunning argues that to the extent allegations in the Complaint are deficient, she should be granted leave to amend. Objections are not the appropriate vehicle to request leave to amend. Moreover, Gunning has not identified any specific allegations that would cure pleading deficiencies identified in the Report and Recommendation or file a proposed amended complaint. The Court notes that the Magistrate Judge has recommended that claims not barred by the statute of limitations be dismissed without prejudice, thereby preserving Gunning's ability to preserve timely claims.

**B. Citibank's Motion to Compel Arbitration**

Citibank filed a motion to compel arbitration of Gunning's claims against it pursuant to the arbitration provision in the Card Agreement. (Doc. No. 21). The Magistrate Judge determined that Gunning and Citibank had entered into an arbitration agreement, that the FDCPA claims are not nonarbitrable, and that the claims asserted in this case are within the scope of the arbitration agreement. (Doc. No. 24). The Magistrate Judge, therefore, recommended that the motion to compel arbitration be granted. (*Id*.).

Gunning filed objections to the Report and Recommendation. (Doc. No. 25). Her primary objection is that Citibank waived its right to arbitration by initiating collection action against Gunning in state court in June 2024. Gunning asserts the Magistrate Judge failed to consider the waiver defense and erred in finding no waiver. Perhaps anticipating that Citibank would point out that she failed to raise the issue of waiver before the Magistrate Judge, Gunning states that she

"did not exhaustively develop the waiver argument" and instead relied on "brief statements." (Doc. No. 25 at 3). This is an overstatement. A review of Gunning's opposition to Citibank's motion to compel arbitration shows that she did not so much as hint at waiver. (*See* Doc. No. 22). The Magistrate Judge did not "fail" to address the waiver argument. Gunning raises the issue here for the first time.

Arguments raised for the first time to the district court in objections are usually waived when not first presented to the magistrate judgment. *See Stone v. Associated Wholesale Grocers, Inc.*, 811 F.Supp.3d 935, 940 (M.D. Tenn. 2025). Accordingly, the Court will not consider the waiver argument now. However, the Court notes that the arbitration provision explicitly provides that Citibank "won't initiate arbitration to collect a debt from you unless you chose to arbitrate or to assert a Claim against us." (Card Agreement at § 11, Booth Decl., Ex. 2). Therefore, the terms of the arbitration provision required that Citibank file the collection action in state court. Notably, Gunning moved to compel arbitration in the state court proceeding. (*See* Doc. No. 21-2). In light of these circumstances, it appears exceedingly unlikely that the Magistrate Judge, had the waiver argument been presented to him, would have found that Citibank's waived arbitration. *See Kloosterman v. Metropolitan Hospital*, 153 F.4th 501, 506-07 (6th Cir. 2024) (waiver of the right to demand arbitration arises only where the defendant's litigation conduct was "completely inconsistent with any reliance on an arbitration agreement"). The objections related to waiver are, therefore, **OVERRULED**.

Gunning next objects to the Magistrate Judge's recommendation to compel arbitration because arbitration will impose costs she cannot afford. Again, Gunning did not raise this argument before the Magistrate Judge, so the Court will not consider it now. *See Stone*, 811 F.Supp.3d at 940. Moreover, Gunning does not point to any authority to suggest that FDCPA collection claims

are not arbitrable, even conceding that "the Supreme Court has not held that FDCPA claims are non-arbitrable." (*See* Doc. No. 25 at 4). The Court also notes that Gunning was apparently unconcerning with the cost of arbitration when she invoked the arbitration provision in the state court case and also notes that she paid the filing fee in this case in full. (*See* Doc. Nos. 6, 21-2). This objection is **OVERRULED**.

Finally, Gunning's objections concerning the declaration of Kelly Booth are plainly without merit and **OVERRULED**.

In summary, Gunning's objections to the Report and Recommendation of the Magistrate Judge are **OVERRULED**. The Report and Recommendation (Doc. No. 24) is **ADOPTED and APPROVED** except that the claims against Couch Lambert are dismissed and, therefore, need not be severed. Citibank's Motion to Compel Arbitration (Doc. No. 21) is **GRANTED**.

## III. CONCLUSION

For the reasons stated above, Gunning objections (Doc. Nos. 25, 27, 29) are **OVERRULED**; the Report and Recommendation regarding Couch Lambert's Motion to Dismiss (Doc. No. 28) is **ADOPTED and APPROVED**; the Report and Recommendation regarding Citibank's Motion to Compel Arbitration (Doc. No. 24) is also **ADOPTED AND APPROVED**.

Accordingly, Couch Lambert's Motion to Dismiss (Doc. No. 13) is **GRANTED**. Counts I, II, and III against Couch Lambert are **DISMISSED WITH PREJUDICE**. Counts IV, V, and VI against Couch Lambert are **DISMISSED WITHOUT PREJUDICE**. Couch Lambert is **DISMISSED** from this case. Citibank's Motion to Compel Arbitration (Doc. No. 21) is also **GRANTED**. Gunning and Citibank are hereby compelled to arbitrate the claims asserted against Citibank.

This case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the outcome of the arbitration. Either party may move to reopen the case within 14 days of the conclusion of the arbitration.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE